OLIVER C. WAGSTAFF and Another, Plaintiffs, *v.* HOLLY SUGAR CORPORATION and Others, Defendants.

Supreme Court, Special Term, New York County, November 5, 1937.

*Shiland, Hedges & Pelham,* for the plaintiffs.

*Appleton, Rice & Perrin,* for the defendant Holly Sugar Corporation.

*Webster & Garside,* for the defendant William L. Sweet, Jr.

*Bleakley, Platt & Walker,* for the defendant Gertrude Romm Levy.

* Affd., in part, 253 App. Div. 616.

McLAUGHLIN (CHARLES B.), J. This is a representative action brought by the plaintiffs, who are two preferred stockholders of the defendant Holly Sugar Corporation. The defendants Sweet and Levy are representatives of the holders of common stock. The action seeks to enjoin the payment of a declared dividend of twenty-five cents on each share of common stock because it is claimed that such a payment would exceed the amount of ten dollars, the highest amount that may be paid on a share of common stock in any calendar year. The question involved merely requires a construction of the contract between the corporate defendant and its stockholders. The charter of the corporation, by article fourth, provides " that no dividend or dividends shall be paid upon the common stock of the Corporation in any one calendar year in excess of Ten dollars ($10) per share, while any preferred stock is outstanding." Article fourteenth of the charter reserves the right to alter or change the provisions thereof except that any amendment to article fourth shall not be made without the consent of at least ninety-five per cent of the then outstanding preferred stock.

In November, 1935, the certificate of incorporation was amended by increasing the number of shares of common stock from 100,000 to 500,000 shares. Approximately sixty-four per cent of the preferred stock voted in favor of the amendment which amended article third. No objection was made nor is any now made as to the legality of this action.

However, it appears that on February 1, 1937, a dividend of two dollars was paid on each share of the common stock. On June 27, 1937, an additional dividend of twenty-five cents per share was declared payable on August 2, 1937. The plaintiffs claim that the increase of the number of shares of common stock did not affect the limitation of ten dollars as the maximum dividend upon 100,000 shares of common stock. In other words, when the corporation voted to increase the shareholding to 500,000 instead of 100,000, then automatically that action restricted the amount of dividends in any calendar year to two dollars per share. This claim is based upon the premise that the charter provision (article fourteenth) holds that no amendment shall be made to article fourth in respect to the rights of preferred stockholders except by a ninety-five per cent vote of such stockholdings. Those rights are claimed to have been affected injuriously by this additional dividend. All parts of an agreement must, if possible, be given full force and effect. (*Sattler* v. *Hallock*, 160 N. Y. 291, 298.) The plaintiffs are required to have full knowledge of all the provisions of the charter as well as those contained in their certificates. The rights of new purchasers of this newly issued (split-up) stock must be con-

sidered. They buy with all the provisions of the charter in mind. Giving effect to all these provisions there exists both the right to increase the number of shares and also the right to declare dividends up to ten dollars a share as the company has legally authorized. The legality of the act of so authorizing has not been challenged. The plaintiffs' rights, if they have any in the premises, must yield.

Moreover, a plain reading of all the provisions involved leads to the conclusion that the plaintiffs bought their stock, knowing that the corporation could, in the method followed, do what was accomplished. There is no fraud or overreaching. The plain intendment was that the common stock, as it stood on the day the dividend was declared, was entitled to ten dollars a share in any calendar year. This provision has not been violated. Judgment for the defendants. No costs.

On the question of an allowance, let the parties, on the settlement of the decision, submit any memoranda they may consider advisable.

Settle decision and judgment.